IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHASE LUSHER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 5:23-cv-02275-JLS |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT BANK OF AMERICA, N.A.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Bank of America, N.A. ("BANA") answers and responds to Plaintiff Chase Lusher's Complaint as follows:

**PARTIES**

1. BANA is without information sufficient to admit or deny the allegations in Paragraph 1 of the Complaint and, therefore, denies the allegations.

2. BANA states that it is a national banking association with its principal place of business located at 100 North Tryon Street, Charlotte, NC 28255. BANA denies all remaining allegations in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. In response to Paragraph 3, those allegations contain conclusions of law to which no response is required. To the extent a response may be required, BANA denies the allegations contained in Paragraph 3.

4. In response to Paragraph 4, those allegations contain conclusions of law to which no response is required. To the extent a response may be required, BANA denies the allegations contained in Paragraph 4.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

5.     BANA states that Plaintiff has a BANA credit card account ending in 7224 (previously ending in 1619) ("Account").

6.     BANA states only that a charge of $5,000 ("Charge") was made to the Account. BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 6 of the Complaint and, therefore, denies the allegations.

7.     BANA states only that Plaintiff has made a fraud claim as to the Charge on the Account.  BANA denies all remaining allegations in Paragraph 7.

8.     BANA states only that upon receipt of a fraud claim, BANA provided the Account with a temporary credit in the amount of the Charge.  BANA denies all remaining allegations in Paragraph 8.

9.     BANA states only that it has sent letter correspondence to Plaintiff regarding the Charge on the Account.  To the extent the allegations in Paragraph 9 concern certain "letter correspondence," that document speaks for itself.  To the extent the allegations in Paragraph 9 are inconsistent with that document, BANA denies those allegations.

10.     BANA states only that it has received a fraud claim from Plaintiff on the Account regarding the Charge.  To the extent the allegations in Paragraph 10 concern a certain "dispute," those document(s) speak for themselves.  To the extent the allegations in Paragraph 10 are inconsistent with those document(s), BANA denies those allegations.  BANA denies all remaining allegations in Paragraph 10.

11.     In response to Paragraph 11, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 11.

12.     BANA states only that it sent Plaintiff letter correspondence on the Account that sought additional information regarding the Charge.  To the extent the allegations in Paragraph 12 concern certain "letter correspondence," that document speaks for itself.  To the extent the allegations in Paragraph 12 are inconsistent with that document, BANA denies those allegations. BANA denies all remaining allegations in Paragraph 12.

13.     BANA states only that it has sent letter correspondence to Plaintiff regarding the Charge on the Account.  To the extent the allegations in Paragraph 13 concern certain "letter correspondence," that document speaks for itself.  To the extent the allegations in Paragraph 13 are inconsistent with that document, BANA denies those allegations.  BANA denies all remaining allegations in Paragraph 13.

14.     BANA denies the allegations and legal conclusions in Paragraph 14.

15.     BANA denies the allegations and legal conclusions in Paragraph 15.

16.     BANA denies the allegations and legal conclusions in Paragraph 16.

17.     To the extent the allegations in Paragraph 17 concern certain "credit reports," those documents speak for themselves.  To the extent the allegations in Paragraph 17 are inconsistent with those documents, BANA denies those allegations.  BANA denies all remaining allegations in Paragraph 17.

18.     BANA states only that the Account, like all BANA credit card accounts, would have accrued interest and late fees if no monthly payments are being made.  BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 18 and, therefore, denies the allegations.

19.     BANA denies the allegations in Paragraph 19 of the Complaint.

20.     To the extent the allegations in Paragraph 20 concern a certain "letter correspondence," that document speaks for itself.  To the extent the allegations in Paragraph 20 are inconsistent with that document, BANA denies those allegations.  BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 20 and, therefore, denies the allegations.

21.     To the extent the allegations in Paragraph 21 concern the contents of a certain "letter correspondence," that document speaks for itself.  To the extent the allegations in Paragraph 21 are inconsistent with that document, BANA denies those allegations.  BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 21 and, therefore, denies the allegations.

22.     BANA denies the allegations in Paragraph 22 of the Complaint.

23.     BANA denies the allegations in Paragraph 23 of the Complaint

24.     BANA denies the allegations and legal conclusion in Paragraph 24 of the Complaint.

## <u>COUNT I</u>
**VIOLATIONS OF THE TRUTH IN LENDING ACT ("TILA") 15 U.S.C. § 1601, *et seq*.,
and its implementing regulation, REGULATION Z, 12 C.F.R. § 1026, *et seq*.**

25.     BANA incorporates by reference its responses to Paragraphs 1 through 24 as though fully set forth here.

26.     In response to Paragraph 26, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 26.

27.     In response to Paragraph 27, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 27.

28.     The allegations in Paragraph 28 appear to be Plaintiff's opinion on the purpose of the TILA, to which no response is required.  To the extent that Plaintiff contends that a response is required, BANA denies those allegations in Paragraph 28.   BANA denies all remaining allegations in Paragraph 28.

29.     In response to Paragraph 29, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 29.

30.     The allegations in Paragraph 30 appear to cite Regulation Z at § 1026.13, to which no response is required.  Regulation Z speaks for itself, and BANA denies any allegations in Paragraph 30 to the extent inconsistent with this statute.  To the extent that Plaintiff contends that a response is required, BANA denies those allegations in Paragraph 30.  BANA denies all remaining allegations in Paragraph 30.

31.     In response to Paragraph 31, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 31.

32.     In response to Paragraph 32, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 32.

33.     BANA denies the allegations in Paragraph 33 of the Complaint.

34.     BANA is without information sufficient to admit or deny the allegations in Paragraph 34 and, therefore, denies the allegations.

35.     To the extent the allegations in Paragraph 35 concern certain "credit reports," those documents speak for themselves.   To the extent the allegations in Paragraph 35 are inconsistent with those documents, BANA denies those allegations.   BANA denies all remain allegations in Paragraph 35.

36.     BANA denies the allegations and legal conclusion of Paragraph 36 of the Complaint.

37.     BANA denies the allegations and legal conclusion of Paragraph 37 of the Complaint.

38.     BANA denies the allegations and legal conclusion of Paragraph 38 of the Complaint.

39.     The allegations in Paragraph 39 appear to cite the TILA, to which no response is required.   The TILA speaks for itself, and BANA denies any allegations in Paragraph 39 to the extent inconsistent with this statute.   To the extent that Plaintiff contends that a response is required, BANA denies those allegations in Paragraph 39.   BANA denies all remaining allegations in Paragraph 39.

40.     In response to Paragraph 40, those allegations contain conclusions of law to which no response is required.   To the extent a response may be required, BANA denies the allegations contained in Paragraph 40.

41.     BANA denies the allegations and legal conclusions in Paragraph 41, denies that it violated the TILA or Regulation Z, and denies that Plaintiff is entitled to any relief sought in the Complaint.

<u>COUNT II</u>
**VIOLATION OF THE FAIR CREDIT REPORT ACT ("FCRA")**
**15 U.S.C. § 1681, *et seq.***

42.     BANA incorporates by reference its responses to Paragraphs 1 through 41 as though fully set forth here.

43.     In response to Paragraph 43, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 43.

44.     In response to Paragraph 44, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 44.

45.     The allegations in Paragraph 45 appear to cite the FCRA, to which no response is required.  The FCRA speaks for itself, and BANA denies any allegations in Paragraph 45 to the extent inconsistent with this statute.  To the extent that Plaintiff contends that a response is required, BANA denies those allegations in Paragraph 45.  BANA denies all remaining allegations in Paragraph 45.

46.     To the extent the allegations in Paragraph 46 concern certain "notices of disputes," those documents speak for themselves.  To the extent the allegations in Paragraph 46 are inconsistent with those documents, BANA denies those allegations.  BANA denies all remain allegations in Paragraph 46.

47.     To the extent the allegations in Paragraph 47 concern certain "credit reports," those documents speak for themselves.  To the extent the allegations in Paragraph 47 are inconsistent with those documents, BANA denies those allegations.  BANA denies all remain allegations in Paragraph 47.

48.     BANA denies the allegations and legal conclusion of Paragraph 48 of the Complaint.

49.     BANA denies the allegations and legal conclusion of Paragraph 49 of the Complaint.

50.     The allegations in Paragraph 50 appear to cite the FCRA, to which no response is required.  The FCRA speaks for itself, and BANA denies any allegations in Paragraph 50 to the extent inconsistent with this statute.  To the extent that Plaintiff contends that a response is required, BANA denies those allegations in Paragraph 50.  BANA denies all remaining allegations in Paragraph 50.

51.     BANA denies the allegations and legal conclusions in Paragraph 51, denies that it violated the FCRA, and denies that Plaintiff is entitled to any relief sought in the Complaint.

**COUNT III**
**VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("UTPCPL")**
**73 P.S. § 201-1, *et seq*.**

52.     BANA incorporates by reference its responses to Paragraphs 1 through 51 as though fully set forth here.

53.     In response to Paragraph 53, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 53.

54.     In response to Paragraph 54, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 54.

55.     In response to Paragraph 55, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 55.

56.     The allegations in Paragraph 56 appear to be Plaintiff's opinion on what the UTPCPL protects, to which no response is required.  The UTPCPL speaks for itself, and BANA denies any allegations in Paragraph 56 to the extent inconsistent with this statute.  To the extent that Plaintiff contends that a response is required, BANA denies those allegations in Paragraph 56. BANA denies all remaining allegations in Paragraph 56.

57.     BANA denies the allegations in Paragraph 57 of the Complaint and its subparts (i) through (vi).

58.     The allegations in Paragraph 58 appear to cite the UTPCPL, to which no response is required.  The UTPCPL speaks for itself, and BANA denies any allegations in Paragraph 58 to the extent inconsistent with this statute.  To the extent that Plaintiff contends that a response is required, BANA denies those allegations in Paragraph 58.  BANA denies all remaining allegations in Paragraph 58.

59.     The allegations in Paragraph 59 appear to reference the UTPCPL, to which no response is required.  The UTPCPL speaks for itself, and BANA denies any allegations in Paragraph 59 to the extent inconsistent with this statute.  To the extent that Plaintiff contends that a response is required, BANA denies those allegations in Paragraph 59.  BANA denies all remaining allegations in Paragraph 59.

60.     BANA denies the allegations in Paragraph 60 of the Complaint.

61.     BANA denies the allegations and legal conclusion of Paragraph 61 of the Complaint.

62.     BANA denies the allegations and legal conclusion of Paragraph 62 of the Complaint.

63.     BANA denies the allegations and legal conclusion of Paragraph 63 of the Complaint.

64.     BANA denies the allegations and legal conclusions in Paragraph 64 of the Complaint, denies that it violated the UTPCPL, and denies that Plaintiff is entitled to any relief sought in the Complaint.

**COUNT IV**
**VIOLATION OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT ("PFCEUA") AND UTPCPL**
**73 P.S. § 2270.1, *et seq*.**

65.     BANA incorporates by reference its responses to Paragraphs 1 through 64 as though fully set forth here.

66.     In response to Paragraph 66, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 66.

67.     In response to Paragraph 67, those allegations contain conclusions of law to which no response is required.  To the extent a response may be required, BANA denies the allegations contained in Paragraph 67.

68.     The allegations in Paragraph 68 appear to be Plaintiff's opinion on why the PFCEUA was enacted, to which no response is required.  To the extent that Plaintiff contends that a response is required, BANA denies those allegations in Paragraph 68.  BANA denies all remaining allegations in Paragraph 68.

69.     The allegations in Paragraph 69 appear to cite the PFCEUA, to which no response is required.  The PFCEUA speaks for itself, and BANA denies any allegations in Paragraph 69 to

the extent inconsistent with this statute.  To the extent that Plaintiff contends that a response is required, BANA denies those allegations in Paragraph 69.  BANA denies all remaining allegations in Paragraph 69.

70.    BANA denies the allegations and legal conclusion of Paragraph 70 of the Complaint.

71.    BANA denies the allegations and legal conclusion of Paragraph 71 of the Complaint.

72.    The allegations in Paragraph 72 appear to be Plaintiff's opinion on what the PFCEUA prohibits, to which no response is required.  To the extent that Plaintiff contends that a response is required, BANA denies those allegations in Paragraph 72.  BANA denies all remaining allegations in Paragraph 72.

73.    BANA denies the allegations and legal conclusion of Paragraph 73 of the Complaint.

74.    BANA denies the allegations and legal conclusion of Paragraph 74 of the Complaint.

75.    BANA denies the allegations and legal conclusion of Paragraph 75 of the Complaint.

76.    BANA denies the allegations and legal conclusion of Paragraph 76 of the Complaint.

77.    BANA denies the allegations and legal conclusion of Paragraph 77 of the Complaint, denies that it violated the PFCEUA, and denies that Plaintiff is entitled to any relief sought in the Complaint.

## COUNT V
## BREACH OF CONTRACT

78.     BANA incorporates by reference its responses to Paragraphs 1 through 77 as though fully set forth here.

79.     BANA admits that Plaintiff has the Account and that the Account is governed by a BANA credit card agreement.

80.     The allegations in Paragraph 80 concern the contents of a certain BANA "credit card agreement," which speaks for itself.   To the extent the allegations in Paragraph 80 are inconsistent with that agreement, BANA denies those allegations.

81.     BANA admits that Plaintiff notified BANA of a purported fraudulent charge of approximately $5,000 on the Account.

82.     BANA denies the allegations and legal conclusion of Paragraph 82 of the Complaint.

83.     BANA denies the allegations and legal conclusion of Paragraph 83 of the Complaint.

89.     BANA denies the allegations and legal conclusion of Paragraph 89 of the Complaint.[1]

90.     BANA denies the allegations and legal conclusion of Paragraph 90 of the Complaint.

91.     BANA denies the allegations and legal conclusion of Paragraph 91 of the Complaint.

---

[1] The Complaint jumps from paragraph number 83 to paragraph number 89.  The Complaint continues from paragraph 89 to paragraph 92.

92.     BANA denies the allegations and legal conclusion of Paragraph 92 of the Complaint, denies that it breached any contract with Plaintiff, and denies that Plaintiff is entitled to any relief sought in the Complaint.

## PRAYER FOR RELIEF

BANA denies that Plaintiff is entitled to any relief requested in subparagraphs (A) through (D) of the Complaint's WHEREFORE paragraph.

## DEMAND FOR JURY TRIAL

BANA admits that Plaintiff requests a jury trial but denies that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

BANA submits the following as its list of affirmative defenses in this matter:

1.     Any allegations not specifically admitted here are denied.

2.     BANA states that the Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

3.     BANA states that Plaintiff, by consenting to the acts and omissions described in the Complaint and/or by failing to raise issue with those acts and omissions in a timely manner, waived, relinquished, and abandoned any claims arising from those acts or omissions.

4.     BANA states that the Complaint is barred, in whole or in part, by the doctrines of fraud and/or unclean hands.

5.     BANA states that the Complaint is barred, in whole or in part, because Plaintiff failed to properly mitigate his damages.

6.      BANA states that its actions were not egregious, knowing, willful, wanton, grossly negligent, or reckless, nor did it act in bad faith, and it otherwise cannot be held responsible or liable for punitive damages.

7.      BANA states that at all times relevant hereto BANA conducted itself in good faith.

8.      BANA states that it did not engage in any act or omission that would justify an award of litigation expenses or attorney's fees, and Plaintiff is otherwise not entitled to such an award.

9.      Plaintiff's damages, if any, were caused by the action and/or inactions of third parties and/or intervening causes over which BANA had no control.

10.     Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions and thus, BANA cannot be held responsible or liable.

11.     Plaintiff was a party to one or more written agreements with BANA, and BANA asserts the fact of such written agreements, as well as the terms of such written agreements, act as a bar to Plaintiff's claim.

12.     BANA states that at all times relevant hereto, BANA conducted itself in conformity with all applicable laws and regulations, including those governing banking entities.

13.     BANA states that Plaintiff did not provide BANA with notice of a "billing error" as required by the TILA.

14.     BANA states that Plaintiff did not detrimentally rely on BANA's actions.

15.     Plaintiff suffered no actual injury.  Thus, Plaintiff lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

16.     Plaintiff's Complaint seeks punitive damages.  BANA adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by

the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Exxon Shipping Co. v. Baker*, 168 S. Ct. 265 (2008).

17.      Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.

18.      BANA pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

19.      Plaintiff's claim that BANA committed willful violations of the Fair Credit Reporting Act is barred by the principles articulated in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007).

20.      BANA reserves the right to assert any additional affirmative defenses as may be disclosed during the course of discovery.

**WHEREFORE,** BANA prays to the Court as follows:

1.      That the claims against BANA be dismissed with prejudice;

2.      That Plaintiff has and recovers nothing from BANA;

3.      That the costs incurred by BANA in defending this action be taxed to Plaintiff; and

4.      That BANA be granted such other and further relief as the Court deems just and proper.

Dated: August 14, 2023

Respectfully submitted,

/s/ *Gregory E. Dapper*
Gregory E. Dapper, Esq.
PA ID No. 311257
MCGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA  15222
Telephone:  (412) 667-6000
gdapper@mcguirewoods.com
*Counsel for Defendant Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Answer and Affirmative Defenses was electronically filed on this 14th day of August, 2023 with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Gregory E. Dapper*
Gregory E. Dapper, Esq.
PA ID No. 311257
MCGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA  15222
Telephone:  (412) 667-6000
gdapper@mcguirewoods.com
*Counsel for Defendant Bank of America, N.A.*